BARNS, PAUL D., Justice (Ret.).
Upon petition of claimant-petitioner for certiorari to review order of remand of the Florida Industrial Commission, we grant the writ and quash the order of remand entered by the Commission.
Upon review of the award of the Deputy Commission, the Commission vacated the award of the Deputy and remanded the claim to the Deputy upon the stated premise that:
“ * * * The employer and carrier have appealed, urging that the finding of 30 per cent diminution of earning capacity is not supported by the ■evidence and that the deputy failed to consider in his Order or make findings •of fact relative to apportioning benefits between claimant’s pre-existing hack disability and the acceleration or .aggravation caused by tfye accident of January 6, 1963. * * *
“* * * We agree with the employer and carrier. * * * ”
The Deputy found that the claimant prior to the accident upon which her claim is based had suffered “a pre-existing interverte-bral disc injury to her spine” and that “the pre-existing intervertebral disc at L-4, L-5 level was aggravated by this industrial accident. She suffered a 5% permanent disability due to said aggravation” and further found that claimant “has a loss of wage earning capacity equal to 30%, therefore, she has a 30% permanent partial disability of the body as a whole.” These findings, as to the claim of a want of apportionment, do not show a want of apportionment or that the Deputy failed to apportion in making his award. The findings of the Deputy do not appear to be insufficient.
The writ is granted. The order of the Commission vacating the award of the Deputy Commission is quashed and the cause is remanded to the Commission for a determination of the appeal on its merits.
It is so ordered.
DREW, C. J., ROBERTS, J., and Mc-CORD, Circuit Judge, concur.
O’CONNELL, J., dissents.
O’CONNELL, Justice
(dissenting).
I would deny the petition for certiorari.